CARL ZEISS STIFTUNG, doing business under the name and style of Carl Zeiss, and Zeiss Ikon A. G., Plaintiffs,

v.

V. E. B. CARL ZEISS, JENA, Steel-Masters, Inc., Ercona Corporation, Exakta Camera Company, Inc., and Camera Specialty Company, Inc., Defendants,

Carl Zeiss, Inc., Additional Defendant on Counterclaims.

No. 62 Civ. 850.

United States District Court
S. D. New York.

July 6, 1967.

See also D.C., 40 F.R.D. 318.

Milbank, Tweed, Hope & Hadley, New York City, for plaintiffs.

Hays, Sklar & Herzberg, New York City, for defendants.

Milbank, Tweed, Hope & Hadley, New York City, for additional defendant on counterclaims Carl Zeiss, Inc.

MANSFIELD, District Judge.

Carl Zeiss Stiftung of Jena, East Germany ("movant" herein), moves, pursuant to Rule 24, F.R.Civ.P., to intervene as a party defendant in this lawsuit, which was instituted by Carl Zeiss Stiftung of West Germany ("plaintiff" herein) in 1962 against V.E.B. Carl Zeiss Jena ("VEB" herein) and various others, seeking a declaratory judgment, injunctive relief and damages based on its claim of ownership of trademarks and other rights entitling it to engage in the manufacture and sale of "Zeiss" products in the United States to the exclusion of the defendants. The defendant VEB, a licensee and affiliate of the movant, claims to have derived its rights to manufacture and market Zeiss products in the United States from the movant as licensor. The remaining defendants are distributors of products manufactured by VEB, the Ercona Corporation also being a trademark assignee under an assignment from the movant and VEB. The movant claims to be the original owner and fountainhead of the trademark and other rights in dispute. Trial of the lawsuit will commence on September 11, 1967.

The plaintiff opposes the application as untimely and as failing to state

grounds warranting intervention, either as a matter of right or permissively.[1] Plaintiff further claims that intervention at this late date would cause it serious prejudice.

There can be no serious question about the untimeliness of the motion, which comes more than five years after commencement of the action and 2½ months before the beginning of trial. Furthermore it is conceded that the movant has been aware of the existence of this lawsuit from its inception, as well it must have been, since the principal defendant (VEB) is its licensee and has been advised by its own legal advisors. Nothing prevented the movant from seeking intervention at the outset of the case. To all intents and purposes its interests and those of VEB appear to be the same, and those interests have admittedly been well represented at all times in the action.

The grounds urged in support of intervention are difficult to follow. It is contended that a similar lawsuit in England involving the right to use the names "Zeiss" and "Carl Zeiss" in connection with the sale of goods in England, which was instituted there in 1955 by movant against the plaintiff here, has culminated in a judgment by the House of Lords, rendered on May 18, 1966, containing certain findings claimed to be res judicata as to the same issues in the present action here. The movant seeks to be joined here as a formal party in order to insure against lack of mutuality of parties being asserted in rebuttal to its res judicata defense. At the same time the movant takes the position that even if it were not permitted to intervene, the English findings would still be binding on the existing parties here, because of a close relationship claimed to amount to "privity" between the movant and VEB. These contentions are sharply disputed by the plaintiff, which maintains that the two lawsuits do not relate to the same subject matter or property, since they concern rights in English and United States trademarks, respectively, and that the movant and VEB are in essence estopped from asserting such contentions by reason of VEB's having successfully moved to strike from the complaint herein allegations with respect to decisions and judgments in Zeiss trademark suits between the same parties in other countries, such as France, Austria and Greece (which had been alleged, presumably because the plaintiff prevailed in these cases), on the ground that such foreign judgments are immaterial and irrelevant to the issues here. The movant attempts to explain this apparent inconsistency on the basis of a distinction between the foreign judgments and the findings upon which they were based. This distinction, however, appears so subtle that the more it is explained, the less it lends

---

1. "Rule 24.  *INTERVENTION*

"(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States con-

fers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

itself to being understood. See S.E.C. v. Chenery Corp., 332 U.S. 194, 214, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).

Even if timely intervention might have been granted on the above grounds, which seems doubtful, it becomes unnecessary to resolve the issues thus raised, since the motion to intervene is most untimely, which alone calls for its denial, particularly when the effect of intervention at this late date would be to cause serious prejudice to the plaintiffs in several respects. Bascom Launder Corp. v. Telecoin Corp., 204 F.2d 331 (2d Cir.), cert. denied, 345 U.S. 994, 73 S.Ct. 1133, 97 L.Ed. 1401 (1953). Although the movant has offered to adopt VEB's pleadings, to be bound by prior proceedings herein, and in July 1967 to furnish certain books and records for examination in Germany and to produce three officials of the movant for the taking of their depositions there, the Court is persuaded that in view of the complicated issues raised by the pleadings [2] and the voluminous nature of the proof, the necessity for translating and studying the documents in preparation for further depositions, the possibility of being required then to recall other witnesses, and the delay faced in obtaining transmittal of authenticated transcripts from Germany to this Court, the rights of the plaintiff would be harmed and prejudiced unless trial were postponed. Further postponement of this five-year old action is not justified, particularly since it appears that in July, 1964, movant's counsel, acting for VEB, refused to produce records requested by plaintiffs from movant's files on the ground that movant was not a party. Under the circumstances it would be most unfair and prejudicial to the plaintiffs to permit movant to bring about a postponement of trial through such last-minute intervention. Plaintiffs are entitled to an adjudication of their rights

without further delay. Bascom Launder Corp. v. Telecoin Corp., supra.

Intervention as a matter of right must be denied on the further ground that the movant not only fails to meet the essential condition of showing that representation of its interests by existing parties would be inadequate, but in effect concedes that existing parties defendant are well represented (having the same legal counsel and East German legal advisor) and would make the same contentions as the movant seeks to assert. In fact, the movant apparently maintains that if its contentions as to "privity" between it and VEB are accepted, intervention would be unnecessary to achieve its objective.

The motion is denied.

So ordered.

---

2. The case has already been classified as a "Rule 2", or long and complicated action under the local General Rules of this

Court; well over 900 pages of deposition transcripts have been taken and over 800 exhibits marked to date.